**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

          **Plaintiff,**

v.

                               **Case No. 3:25-CR-30107-NJR-1**

VISHAL DABRA
(a/k/a "Naresh Vishal"),

          **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is before the Court on Defendant Vishal Dabra's Agreed Motion for Return of Seized Property. (Doc. 52). Dabra, who was sentenced on April 14, 2026 (Docs. 45–49), asserts that on August 24, 2025, law enforcement seized his laptop and two cell phones. That property is presently held by the Madison County Sheriff's Department in Edwardsville, Illinois. The government has represented that it has no further evidentiary or other need for the property.

Under the Federal Rules of Criminal Procedure, Rule 41(g) provides an "equitable remedy" for the return of seized property and can "be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence." *United States v. Sims*, 376 F.3d 705, 707–08 (7th Cir. 2004). Because the government has represented that the property is indeed no longer needed as evidence, and because the parties have agreed that the motion should be granted, the Court finds that good cause exists for the requested relief.

Page 1 of 2

Accordingly, for good cause shown and by agreement of the parties, Defendant Vishal Dabra's Agreed Motion for Return of Seized Property (Doc. 52) is **GRANTED**.

The following seized property **SHALL** be returned to Defendant Vishal Dabra: one laptop computer and two cellular telephones (collectively, the "Property") seized incident to Dabra's arrest in this case.

The Madison County Sheriff's Department, 405 Randle Street, Edwardsville, Illinois 62025, is **DIRECTED** to release the Property to Dabra or his designated representative, FNU Srishti, upon presentation of a copy of this Order and reasonable proof of identity, including valid government-issued identification.

Upon release of the Property, the person receiving it shall execute a written receipt acknowledging return of the Property for retention by the Madison County Sheriff's Department in the ordinary course of its records.

The release of the Property under this Order shall not constitute an admission by any party as to any fact, issue, claim, defense, or legal position in this matter, and shall not prejudice any party.

The Madison County Sheriff's Department may rely on this Order as authority to release the Property as directed herein.

**IT IS SO ORDERED.**

**DATED:   June 11, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

Page 2 of 2